QUESTION: Can s. 231.39(3), F.S., be interpreted to permit a teacher to utilize accumulated sick-leave credits with pay for pregnancy or pregnancy-related disabilities?
SUMMARY: In order to avoid conflict with the controlling provisions of Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000(e); ss. 231.39(3) and 231.40, F.S., should be interpreted so as to allow a pregnant school teacher to utilize available sick-leave credit for pregnancy or pregnancy-related disabilities. The provision of s. 231.39(3) relating to maternity leave without pay should be construed as applying only to pregnant teachers who have no accumulated sick-leave credits available under s. 231.40, F.S. Section 231.39, F.S., provides that members of the instructional and administrative staff may secure leave of absence during the year when it is necessary to be absent from duty as prescribed by law, and under certain circumstances may receive compensation for such a leave of absence. Such leaves shall be classified as sick leave, illnessin-line-of-duty leave, professional leave, emergency leave, or personal leave. School boards shall prescribe regulations governing the granting of leave of absence during the year subject to the other provisions of s. 231.39. School boards shall also have authority to prescribe regulations to provide for more extended absences for extended professional leave, military leave, and maternity leave. Section 231.39(3), F.S., was amended by Ch. 73-253, Laws of Florida, relating to maternity leave, to provide as follows: (3) MATERNITY LEAVE. — Any member of the instructional staff employed on a full-time basis in the public schools of the state shall be granted maternity leave without pay for a period not to exceed one year. Such leave shall commence on a date determined by the instructional staff member in consultation with her doctor following notification of the superintendent in writing. The instructional staff member may return to duty upon certification by a physician that she is physically capable of performing the duties of teaching. (Emphasis supplied.) Section 231.40, F.S., as amended by Ch. 74-81, Laws of Florida, relating to sick leave, provides that any member of the instructional staff employed on a full-time basis who is unable to perform his or her duty because of illness and consequently has to be absent from his or her work shall be granted leave of absence for sickness by the superintendent or his designate. The remaining provisions of s. 231.40, supra, define or qualify sick leave. In summary, these provide that each member of the instructional staff shall be entitled to 4 days of sick leave at the beginning of employment, and 1 day per month thereafter for each month of employment, and that such sick leave shall be cumulative from year to year; however, at least one half of this cumulative sick leave must be established within the district granting such leave. The provisions of this section further provide that any full-time employee may be compensated for the time absent provided that said member makes and files with the superintendent a written certificate setting forth the day or days absent, that said absence was necessary, and that said member is or is not entitled to receive pay for said absence in accordance with that section. The school board of any district is authorized by the statute to prescribe regulations requiring the superintendent to require a certificate of illness from a licensed physician or a county health officer. Additionally, leave may be granted at the annual rate of 2 days for personal reasons and 2 days for emergencies chargeable against accrued sick leave as provided by policies and under standards established by a school board. In AGO 074-153 this office expressed the view that any sick-leave policy which purports to treat pregnancy differently from all other disabilities for which accumulated sick leave with pay may be used would probably be found violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). Also see Sale v. Shell Rock Board of Education, 43 U.S.L.W. 2321 (N.D.Iowa, filed Jan. 8, 1975); Vineyard v. Holister, 43 U.S.L.W. 2217 (N.D. Calif., filed Nov. 1, 1974); Wetzel v. Liberty Mutual Ins. Co., 43 U.S.L.W. 2353 (3rd Cir. Ct. App., filed Feb. 12, 1975). Such a sick-leave policy would clearly violate the following Equal Employment Opportunity Commission Guideline: . . . [w]ritten and unwritten employment policies and practices involving matters such as the commencement and duration of leave . . . formal or informal, shall be applied to disabilities due to pregnancy or childbirth on the same terms and conditions as they are applied to other temporary disabilities. [(See) 29 C.F.R. s. 1604.10(b).] It is well established that insofar as any state law, on its face or as interpreted, conflicts with the provisions of Title VII, such state law is superseded through the operation of the supremacy clause of the United States Constitution. Le Blanc v. Southern Bell Telephone and Telegraph Co., 333 F. Supp. 602 (E.D.La. 1971); Weeks v. Southern Bell Telephone and Telegraph Co.,408 F.2d 228 (5th Cir. 1969). However, at the same time, the courts of this state have oftentimes applied the judicial principle of construing legislation in a manner that would make the legislation permissible. Courts have a duty to avoid holding a statute invalid if a fair construction of the scrutinized statute will so allow. State v. Ecker, Case No. 44,348 (Fla. Sup. Ct., filed Feb. 19, 1975). Thus, faced on one hand with the command of Title VII and the federal decisions decided thereunder and on the other hand with a duty to give effect to state legislative enactments whenever possible, I am of the view that s. 231.39(3), F.S., should be interpreted so as not to disallow the use of accumulated sick-leave credits by pregnant school teachers. If s. 231.39(3) is interpreted as being operative only in the event that a teacher has no sick-leave credits accumulated and available for use pursuant to s. 231.40, F.S., the statute, insofar as this particular conflict is concerned, is not inconsistent with Title VII. Of course, my opinion in this regard is subject to guidance by the United States Supreme Court in the event that court has occasion to address the issue.